# In the United States District Court for the Southern District of Georgia Brunswick Division

MEGAN CONTINO and BRIAN CONTINO,

    Plaintiffs,

v.

WINN-DIXIE STORES, INC. d/b/a Winn Dixie #166; OPAL HOLDINGS, LLC, d/b/a Winn Dixie #166; OPAL MERGER SUB, INC., d/b/a Winn Dixie #166 BI-LO, LLC, d/b/a/ Winn Dixie #166; and BI-LO HOLDING, LLC, d/b/a Winn Dixie #166,

    Defendants.

CV 214-146

## ORDER

Presently before the Court is Defendant's Motion to Strike a small portion of Plaintiffs' Complaint. Dkt. no. 8. Plaintiffs' Complaint alleges that Defendants' negligence in one of its grocery stores caused Plaintiff Megan Contino to slip, fall, and sustain injuries. Dkt. no. 1 ("Complaint"), ¶¶ 10-19. Paragraph 20 of the Complaint alleges ordinary negligence against Defendant Winn-Dixie Stores, and the final bullet point under Paragraph 20 alleges that Defendant was negligent by "failing to perform such other acts as may be revealed during

discovery in this matter." Compl. ¶ 20. Defendants' Motion seeks to strike this single bullet point from the Complaint. Dkt. no. 8, p. 1.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court has broad discretion in ruling on a motion to strike. Resolution Trust Corp. v. Youngblood, 807 F. Supp. 765, 769 (N.D. Ga. 1992). However, motions to strike are not generally favored. Id.

Defendants argue that the vague fragment from Paragraph 20 of Plaintiffs' Complaint "is purely boilerplate surplusage" that does not put Defendants "on reasonable notice of alleged acts or omissions to which they should respond or must defend against." Dkt. no. 8, p. 1. Defendants appear to fear that Plaintiffs may improperly rely on this catch-all allegation to encompass unforeseen evidence of negligence produced during discovery rather than amending their Complaint pursuant to Rule 15. Id. at 2.

Plaintiffs do not oppose Defendants' request for the Court to redact the Complaint by striking "the lone sentence fragment" in Paragraph 20. Dkt. no. 21, p. 1. While Rule 12(f) motions are generally disfavored, the Court will **GRANT** Defendants' motion (Dkt. no. 8) because Plaintiffs do not oppose it. Plaintiffs

AO 72A
(Rev. 8/82)

need not delete the disputed bullet point from the Complaint or otherwise file and serve an Amended Complaint for Damages on all parties. It shall simply remain understood between the Court and the parties that the last bullet point under Paragraph 20 of Plaintiffs' Complaint serves no operative purpose.

**SO ORDERED,** this 28TH day of April, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA