IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MEGAN CONTINO and BRIAN CONTINO, | |
| Plaintiffs, | CIVIL ACTION NO.: CV214-146 |
| v. | |
| WINN-DIXIE STORES, INC., | |
| Defendant. | |

**O R D E R**

Presently before the Court are Plaintiff Brian Contino's Motion to Compel Discovery (Doc. 28), to which Defendant has filed a Response (Doc. 30), and the parties' Joint Motion for Extension of Time to Complete Discovery (Doc. 29). The Court held a hearing on these Motions on April 29, 2015. (Doc. 33.) For the reasons stated on the record at the hearing and as supplemented below, Plaintiff's Motion to Compel Discovery is **GRANTED in part** and **DENIED in part** (Doc. 28), and the parties' Joint Motion for Extension of Time to Complete Discovery is **GRANTED** (Doc. 29).

**I.     Motion to Compel Discovery (Doc. 28)**

In his Motion to Compel Discovery, Plaintiff Brian Contino contends that Defendant has failed to respond, in whole or in part, to certain portions of Plaintiff's First Request for Production of Documents and First Interrogatories. (Doc. 28, pp. 1–2.) In particular, Plaintiff maintains that Defendant has refused to produce documents or things in approximately thirteen areas and has provided incomplete answers to four interrogatories. (Id. at pp. 2, 4.) Plaintiff asks that the Court order Defendant to disclose the items and information requested and, as to any matter withheld on the basis of privilege, provide a copy to the Court for in camera review

and a privilege log to Plaintiff. (Id. at p. 32.) Defendant's Response urges the Court to deny Plaintiff's Motion, because each of the discovery requests is improper in form and/or substance. (See generally Doc. 30.)

At the hearing, the Court listed fourteen areas of discovery contentions raised by Plaintiff's Motion, and the parties agreed that this list encapsulated the parties' disputes. Defendant made specific objections in its discovery responses, and mostly stood by those objections at the hearing. Plaintiff also largely stood by its Motion to Compel as to each issue. The Court's ruling on each of the areas of contention is as follows:

**1. Timing of the Store Surveillance Video**

As stated on the record at the hearing, the Court declines to delay the production of the store surveillance video any further. Specifically, more than six months have passed since the parties' Rule 26(f) conference on October 28, 2014, and the parties have made virtually no progress on discovery. (See Doc. 20, p. 1.) Consequently, it is too late for staged discovery, and this portion of Plaintiff's Motion is **GRANTED**. Defendant must immediately produce all store surveillance footage from the store where the accident occurred that it has preserved from the date of the incident.[1] See, e.g., Gardner v. Norfolk S. Corp., 299 F.R.D. 434, 439 (D.N.J. 2014) (denying a party's motion to delay production of a surveillance video until after taking depositions); Cornell v. Jim Hawk Truck Trailer, Inc., 297 F.R.D. 598, 603 (N.D. Iowa 2013) (same); Babyage.com, Inc. v. Toys "R" Us, Inc., 458 F. Supp. 2d 263, 266 (E.D. Pa. 2006) (same); Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 357 (D. Conn. 2006) (same).

---

[1] At the hearing, the Defendant noted that due to the passage of time, likely only a portion of the store surveillance video remained. Therefore, the Court need not place any additional limits on the scope of the video production.

2. **Incident Report**

Defendant's counsel has agreed to provide a redacted copy of the incident report to Plaintiff and to submit to the Court the redacted copy as well as a sealed, unredacted copy for in camera inspection. As Defendant's counsel represented at the hearing, it will redact information that consists of work product from the copy produced to Plaintiff. For the reasons stated on the record, Plaintiff's Motion on this issue is **GRANTED** to the extent of Defendant's counsel's representation and **DENIED** insofar as it requests an unredacted version of the report. Should Plaintiff, upon receiving and reviewing the redacted incident report, find that it is an insufficient response to his discovery request, it will be Plaintiff's obligation to further raise the issue with the Court.

3. **Photographs of the Incident Scene**

Defendant's counsel has indicated a willingness to produce all photographs of the incident scene as an addendum to the redacted incident report; therefore, this portion of Plaintiff's Motion is **GRANTED**.

4. **Witness Statements**

Defendant's counsel has represented that all of Defendant's witness statements are contained in the incident report and that Defendant will not redact any statement that is an actual declaration of a witness, without any mental impressions of the preparer. As a result, Plaintiff's Motion is **GRANTED** on this issue. If Plaintiff should find that Defendant has overredacted the incident report in this regard, then Plaintiff may further raise this issue.

5. **Maps/Diagrams of the Incident Scene**

According to Defendant's counsel, the incident report may include a diagram marking the location of the incident scene within Defendant's store. Defendant's counsel has conceded that

such a diagram, if it exists, will not be redacted from the incident report disclosed to Plaintiff. As the undersigned advised at the hearing, if Defendant has any maps or diagrams of the incident scene that are not part of the incident report, it must turn these over to Plaintiff as well. This portion of the Plaintiff's Motion is **GRANTED**.

6. **Employee Information**

    a. **Picture I.D. Cards**

Defendant's counsel has expressed uncertainty as to whether Defendant uses picture identification cards for its employees. For the reasons stated on the record at the hearing, Defendant must produce any identification cards containing the names and photographs of the employees that were working in the store in question at the time of the incident—whether worn by the employees or maintained electronically by Defendant—to the extent that these items exist. Other identifying information, including social security numbers, should be redacted. Plaintiff's Motion as to employee picture identification cards is **GRANTED**.

    b. **Personnel Files**

Having taken the discovery of Defendant's employees' personnel files under advisement at the hearing, this issue warrants further discussion here. As a general matter, employee personnel files are discoverable under Georgia law. DeLoitte Haskins & Sells v. Green, 370 S.E.2d 194, 195–96 (Ga. Ct. App. 1988). Nevertheless, the Court recognizes that courts are particularly cautious about ordering the production of such files, given the sensitive personal information contained therein. See Sanchez v. Cardon Healthcare Network, LLC, No. 3:12-cv-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. May 29, 2013) (collecting cases); see, e.g., Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648–49 (10th Cir. 2008) (stating that employee personnel files are not "categorically out-of-bounds" but that "it is not unreasonable to be

cautious about ordering their entire contents disclosed willy-nilly"). While courts in the Eleventh Circuit have applied a heightened standard of relevance as a prerequisite to discovery in this context, Georgia courts balance the competing discovery and privacy interests not by limiting access to these materials—only a general showing of relevance is required—but by limiting the extent of their production and by entering protective orders. Compare Royal Bahamian Ass'n v. QBE Ins. Corp., 268 F.R.D. 692, 694 (S.D. Fla. 2010) (requiring a showing that employee personnel files are "[ ]relevant to the primary issues" or "directly relevant for any other reason, such as impeachment"), and Coker v. Duke & Co., 177 F.R.D. 682, 694 (M.D. Ala. 1998) (requiring that the files be "clearly relevant" and "not available from other sources"), with DeLoitte Haskins & Sells, 370 S.E.2d at 196 (stating that such files are relevant if they are "in some way reasonably calculated to lead to the potential discovery of admissible evidence" and that a court order in this context should be "protective—not prohibitive").

Plaintiff has demonstrated that the employee personnel files requested are relevant to the primary issue of negligence, in that the files are reasonably calculated to lead to the discovery of evidence of employee work history admissible to show notice or knowledge of the alleged hazard. (Doc. 28, p. 23.) At the hearing, Plaintiff's counsel also submitted that the personnel files are relevant for impeachment purposes. However, Plaintiff has not established the relevance of, and thus is not entitled to discover, portions of the personnel files containing sensitive personal information. Furthermore, the countervailing privacy interests of the employees warrant limiting the extent of discovery in this regard. Consequently, Defendant shall redact from the produced personnel files irrelevant personal information including, social security numbers; statements of earnings, wages, and withholdings; benefits statements; and medical history.

The employees' privacy interests also warrant the entry of a protective order as to these files. "The [C]ourt may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause exists here, based on Defendants' and its employees' interests in maintaining the privacy and confidentiality of any internal disciplinary reports, performance evaluations, and other records that may be disclosed to Plaintiff in the personnel files.

For these reasons, Plaintiff's Motion is **GRANTED** in that Defendant must produce the employee personnel files requested and **DENIED** in that the Court has limited the contents to be disclosed and enters the following protections:

  i. All employee personnel files, or copies thereof, that are used or exchanged in this litigation must be marked "CONFIDENTIAL" on the face of the file and on each page contained therein.

  ii. The parties must treat the personnel files as confidential, only to be seen by the parties, their attorneys, and their witnesses, upon notice of their protected nature and only to be used for the purposes of litigating or attempting to settle the present action.

  iii. Any document, including a transcript, that contains information from the personnel files and that a party seeks to file with the Court must be filed under seal, in accordance with the Local Rules of this Court.

  iv. Upon termination of this action, including the time for appeal, Plaintiffs must return to Defendant or destroy all personnel files, and any copies thereof, received pursuant to this Order.

**7. Reports from Prior Incidents on the Premises (November 3, 2010 – present)**

The undersigned also took Plaintiff's discovery request regarding reports from prior incidents under advisement following the hearing. Defendant's reports from other incidents are subject to work-product protection for the same reasons reflected on the record as the incident report involving Plaintiff Megan Contino. See supra Subpart I.2. However, while the work-product doctrine protects against the discovery of the incident reports themselves, Defendant nevertheless must provide a privilege log briefly describing the nature of the incident reports withheld—including each incident's date, location within the store where the incident occurred, nature of the alleged hazard involved (i.e. water or other substance), and the employee that prepared the incident report. See Fed. R. Civ. P. 26(b)(5)(A)(ii).

Defendant's objection to the relevance of this request lacks merit. Georgia courts consider evidence of prior incidents in slip-and-fall cases. See, e.g., Food Lion, Inc. v. Walker, 660 S.E.2d 426, 429 (Ga. Ct. App. 2008) ("When a proprietor has notice of the risk of a particular hazard, we have found that a jury question arises as to the reasonableness of a store's inspection procedure."); Pickering Corp. v. Goodwin, 534 S.E.2d 518, 520 (Ga. Ct. App. 2000) ("It is possible that, based on a prior history of such a number of similar hazardous occurrences or other facts that would put a proprietor on notice of the likelihood of the subject incident occurring, such fact would create a correspondingly higher duty on the proprietor to take appropriate prophylactic measures."); see also Briglevich v. Liberty House Rest. Corp., 626 S.E.2d 625, 626 (Ga. Ct. App. 2006) (finding no abuse of discretion where a trial court prohibited a plaintiff from discussing previous slip-and-fall occurrences in her opening statement but allowed her to introduce this evidence later at trial). In addition, later-occurring falls could shed light on subsequent remedial measures, evidence of which is admissible in Georgia if the

defendant opens the door to the issue. See Briglevich, 626 S.E.2d at 625–26 (citing Brooks v. Cellin Mfg. Co., 306 S.E.2d 657, 659 (Ga. 1983)). While the Court is not presently ruling on the admissibility of such evidence in this case, it is sufficient for discovery purposes that the information requested could lead to the discovery of admissible evidence.

Defendant's objection to breadth of this request is negated by Plaintiff's counsel's modification of the request at the hearing. Plaintiff's counsel represented at the hearing that this request is intended to encompass only slip-and-fall incidents. Additionally, the request is sufficiently tailored to incidents occurring at the store in question—which, contrary to Defendant's argument, need not be narrowed to only the floral department—and to the time period of November 3, 2010, through the present. (See Doc. 28, p. 24.)

Based on the foregoing, Plaintiff's Motion is **GRANTED in part** and **DENIED in part** as to this discovery request. Defendant must produce a privilege log disclosing the nature of the incident reports meeting Plaintiff's request, as amended at the hearing. Defendant need not produce the actual incident reports.

   **8. Prior Complaints/Lawsuits Against Defendant (November 3, 2010 – present)**

As to Plaintiff's request regarding prior complaints and lawsuits, notwithstanding the initial breadth of Plaintiff's discovery request, his counsel modified this request at the hearing to include only complaints and lawsuits arising out of slip-and-fall incidents at the store in question during the relevant time period. For the reasons stated on the record, and based on the foregoing discussion regarding evidence of other incidents, Plaintiff's Motion, as amended, is **GRANTED**.

   **9. Inspection/Maintenance Reports for the Incident Site (seven days before to seven days after the incident)**

Defendant's counsel has represented that Defendant's procedure for regularly inspecting and maintaining its floors and floral department does not include executing any sweep sheets,

8

logs, repair reports, or other written documentation. Because it appears that these records simply do not exist after a reasonable search, Plaintiff's Motion as to inspection/maintenance reports for the incident site is **DENIED** as moot.

### 10. Prior Inspection Reports for the Premises (November 3, 2010 – present)

At the hearing, Plaintiff's counsel clarified that, his request for prior inspection reports of the premises seeks reports of safety inspections or audits performed by outside parties, such as governmental agencies or insurance carriers, from two years prior to the incident to the present. Defendant's counsel was uncertain, but could not confirm, whether any such records exist for the floral department. For the reasons stated on the record, Plaintiff's Motion is **GRANTED**. Defendant must conduct a reasonable search to determine whether any inspection reports responsive to Plaintiff's request exist, and if so, Defendant must produce them to Plaintiff.

### 11. Policies and Manuals

Plaintiff's counsel has limited his discovery request for policies and manuals to include Defendant's policies and manuals relating to inspecting the premises; preventing slip-and-fall incidents; recording, preserving, and deleting surveillance video footage; and providing gift cards to customers after an incident. For the reasons stated on the record, Plaintiff's Motion, as modified at the hearing, is **GRANTED**. Defendant must produce copies of any written policies and manuals, and a written description of any spoken or understood policies that are responsive to Plaintiff's modified request.

### 12. Insurance Policy

Plaintiff's Motion seeking the production of information regarding Defendant's excess insurance carrier is **GRANTED** for the reasons stated on the record. See Fed. R. Civ. P. 26(a)(1)(A)(iv). If Defendant has multiple levels of excess carriers, Defendant must at least

disclose responsive information for the first level of excess coverage. If Plaintiff, after reviewing this information, believes that the relief sought in this action may exceed the first level of excess coverage, Plaintiff should confer with Defendant to obtain the information for the next level or levels. As stated on the record, it is the Court's expectation that counsel will work cooperatively to resolve this issue.

### 13. Documentation of Changes to the Incident Site

Based on Defendant's representation that there have been no substantial changes to the floral department since Plaintiff's incident, this portion of Plaintiff's Motion is **DENIED** as moot. Should Plaintiff's further discovery efforts reveal relevant modifications, Plaintiff may seek to revisit this issue.

### 14. Interrogatories

#### a. Verified Responses

Defendant's counsel has agreed to verify Defendant's interrogatory responses. Plaintiff's Motion is **GRANTED**.

#### b. Defendant's Factual Bases for its Defenses and Defendant's Account of the Incident

Plaintiff's counsel has indicated that Defendant's production of the store surveillance video will likely obviate the need for responses to interrogatories requesting the factual bases for Defendant's defenses and its account of the incident. Accordingly, Plaintiff's Motion as to these interrogatories is DENIED AS MOOT.

## II. Joint Motion for Extension of Time to Complete Discovery (Doc. 29)

The parties' Joint Motion asked the Court to extend the current discovery deadline of June 1, 2015, or, alternatively, to stay the current discovery deadline pending the Court's ruling on Plaintiff's Motion to Compel Discovery. (Doc. 29, p. 1.) The parties explained that the

discovery issues set forth in Plaintiff's Motion, along with scheduling conflicts, prevented compliance with the current discovery deadline. (Id. at p. 2.) The parties further submitted that they had yet to schedule depositions of Plaintiffs and a medical examination of Plaintiff Megan Contino. (Id. at p. 2.)

As stated at the hearing, the Court finds that much, if not all, of the delay in this case was preventable. However, in the interests of fairness and just adjudication, the Court finds that an extension is warranted. Therefore, for the reasons stated on the record, the parties' joint Motion is **GRANTED**. It is ordered that the discovery period be extended up to and including **July 15, 2015.** The parties shall file a status report by **July 17, 2015.**[2] All other deadlines are extended accordingly, such that the last day for filing all civil motions—including Daubert motions but excluding motions in limine—is **August 17, 2015,** and a joint proposed pretrial order is due by **October 19, 2015**.

**SO ORDERED**, this 12th day of May, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] A Status Report Form shall be provided by the Courtroom Deputy Clerk for use in reporting to the Court. The parties are directed to contact the Deputy Clerk to obtain the Form and to use the content and format contained in this Form.